tice as to time or place, but only as to the cause of the accident. It is obvious that in such a case it was not the intent of the amendment that the original notice as to time and place should be wholly superseded. A reasonable construction of the amendment, and one which as we consider expresses its true meaning, is that the second notice shall be deemd to supersede the first in so far as they are inconsistent, and only to that extent.

The service of an amended notice after the complaint has been served does not, as we think, impose upon a plaintiff the obligation to discontinue his action and commence over again. The statute does not so provide, and we see no necessity for so holding. The moment a notice of claim has been served the claimant's right of action has been perfected. It is not the wording of the notice of claim, but the service of such a notice, which gives the right of action under the statute. Before the amendment of 1910, if the notice was defective, it might be declared a nullity on the trial, and thus leave the plaintiff with no cause of action under the statute. Now, however phrased, the notice is good unless an amplified or amended notice is demanded. When such an amplified or amended notice has been served, it supersedes the original in the sense that it takes its place, and makes that perfect which theretofore was imperfect, and the action may go on as if the perfect notice had been originally served. This construction gives full effect to the statute and affects unfavorably no material interest of either party.

Judgment and order affirmed, with costs. All concur.

---

(83 Misc. Rep. 335.)

N. DAIN'S SONS CO. v. UNION FREE SCHOOL DIST. NO. 7 OF TOWN OF CORTLANDT et al.

(Supreme Court, Special Term for Trials, Westchester County. October, 1913.)

SCHOOLS AND SCHOOL DISTRICTS (§ 86*)—RIGHTS OF SUBCONTRACTOR—DEFAULT IN PERFORMANCE OF PRINCIPAL CONTRACT—STATUTES.

  Education Law (Consol. Laws 1910, c. 16) § 314, expressly declares that, where the board of education of a school district has exhausted an appropriation, it cannot incur further liability. Lien Law (Consol. Laws 1909, c. 33) § 5, gives a lien for labor performed or material furnished to a contractor for a public improvement only upon the fund applicable to such improvement, to the amount due or to become due on the contract. A school district voted a sum for the completion of a school building, and the contract therefor provided that on the contractor's discontinuance he should not be entitled to further payments until completion of the work, and should then be entitled only to the excess of any unpaid balance over the expense of completion. Thereunder the contractor was paid, on monthly architect's estimates, up to November 5th, but continued work till the 28th, when he abandoned the work. Thereafter the district made a contract with another for completion, exhausting the original appropriation and exceeding the original contract price. *Held*, that as, by the express terms of the contract, there was nothing due the original contractor for work done after November 5th, plaintiff performing labor and furnishing material to him after that date could not enforce a lien therefor.

  [Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 203–205; Dec. Dig. § 86.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by N. Dain's Sons Company against Union Free School District No. 7 of the Town of Cortlandt, Antonio S. Renza, and others. Complaint dismissed upon the merits.

See, also, 157 App. Div. 890, 141 N. Y. Supp. 1133.

Nathan P. Bushnell, of Peekskill, for plaintiff.

James Dempsey and William A. Bleloch, both of Peekskill, for defendants.

TOMPKINS, J.   The plaintiff furnished materials to the defendant Renza, who had a contract with the defendant Union Free School District No. 7, of the town of Cortlandt, to erect a new schoolhouse for the sum of $126,833.36. The contract work progressed until November 28, 1910, when the contractor Renza abandoned the work and gave notice thereof to the board of education. At the time of such abandonment, he had received on account of said contract the sum of $78,190, leaving a balance in the hands of the district of $48,643.36.

The school district thereupon made a contract with one Lowry for the completion of the unfinished schoolhouse according to the original plans and specifications, for the sum of $72,928.60, under which second contract the building was completed, and for which the district paid between $20,000 and $30,000 in excess of the original contract price.

The original contractor, Renza, had been paid in full for all work and materials under the contract up to November 5th, for all of which work architect's certificates and estimates had been issued, and monthly estimates and payments made thereon to the contractor according to the terms of the contract. For the contract work done by Renza between November 5th and November 28th, the date of abandonment, no architect's estimate or certificate was made or issued, and no payment therefore made by the school district, and it is for the value of the work and materials performed and furnished by the contractor Renza during that period that the plaintiff and the other lienors now seek to recover from the school district.

Before the abandonment of the contract, the custom was for the architect to make monthly estimates, issuing his certificates between the 1st and the 10th days of each month, and thereupon monthly payments were made to the contractor. For the work done by the contractor after November 5th, no estimate was made or certificate issued, for the reason that the work was wholly abandoned on the 28th day of November; and the question now is whether the lienors are entitled to recover the value of the work performed and materials furnished between these two dates, namely, November 5th and November 28th.

Concededly, it cost the district over $20,000 in excess of the full contract price to complete the work that the original contractor, Renza, agreed to do. Under these circumstances, I think that the liens of the plaintiff and the other parties to this action cannot be sustained, for the reason that, at the time of the filing of their notices of liens, there was no money due to the contractor, because it is undisputed that it required much more money to complete the unfinished and abandoned contract than the entire unpaid balance of the contract price.

The defendant is a municipal corporation and was authorized by an appropriate resolution adopted by the qualified voters of the school district to expend the sum of $150,000 for the erection and completion of the school building. That appropriation was exhausted by the payments actually made to Renza and Lowry, and the board of education was without authority to incur any further liability without another appropriation being voted. Education Law, § 314 (Laws of 1910, c. 140; Consol. Laws 1910, c. 16).

The plaintiff's claim is that the contractor Renza "earned some money by the work performed and materials furnished between the 5th and 28th days of November." While that is true, it is equally true that he forfeited whatever he earned during that period by his voluntary abandonment of the contract before he became entitled to a monthly payment, leaving work to be done under the contract that would cost for its completion far more than the balance remaining unpaid under said contract. The Renza contract contained a provision that, in case of a discontinuance of the work by the contractor:

"He shall not be entitled to receive any further payment under this contract until the said work shall be wholly finished, at which time, if the unpaid balance of the amount to be paid shall exceed the expense incurred by the owner in finishing the work, such excess shall be paid by the owner to the contractor; but if such expense shall exceed such unpaid balance, the contractor shall pay the difference to the owner."

Under this express provision of the contract, it seems to me clear that the contractor can claim nothing for the work done after the 5th of November, and, of course, if the contractor would not be entitled to recover, the lienors cannot.

On the other hand, under this provision of the contract, the contractor Renza would be liable to the school district for upwards of $20,000. A lienor for labor or material performed for or furnished to the contractor, for a public improvement, has a lien only upon the moneys of the municipal corporation applicable to the construction of such improvement to the amount due or to become due on such contract. Section 5 of the Lien Law, chapter 38, Laws of 1909 (Consol. Laws 1909, c. 33).

In this case, there was no money due the contractor after the 5th of November, because he forfeited all his rights under the contract before he became entitled to another payment, and the amount remaining unpaid of the original contract price, not being sufficient to complete the unfinished contract, was properly withheld by the district to apply on the cost of completing the contract, and, when that was done, there were no moneys left over applicable to the construction of said school building or the payment of these liens.

I have examined the authorities cited by counsel for the lienors, and am satisfied that each is clearly distinguishable from the case at bar, and that the defendant Union Free School District No. 7 is entitled to judgment dismissing the complaint upon the merits, and adjudging all of said liens to be ineffective, without costs.